*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 22, 2016                    522039
_____

In the Matter of INJAH UNIQUE
   TAFARI, Also Known as
   RICHARDO ORLANDO FOUST,
                        Appellant,
        v                                      MEMORANDUM AND ORDER

TINA M. STANFORD, as Chair of
   the New York State Board
   of Parole, et al.,
                        Respondents.
_____

Calendar Date:  August 8, 2016

Before:  Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ.

_____

        Injah Unique Tafari, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (Koweek, J.),
entered November 13, 2015 in Columbia County, which, in a
proceeding pursuant to CPLR article 78, denied petitioner's
motion to amend a prior order.

        Petitioner brought this CPLR article 78 proceeding
challenging a September 2013 determination denying his request
for parole release and, in June 2014, Supreme Court issued an
order directing a de novo parole hearing.  Petitioner was again
denied parole release at the end of that hearing in September
2014.  Petitioner sought to challenge this denial via a pro se
motion to enforce the June 2014 order, but Supreme Court issued a
February 2015 order denying that motion.  Petitioner appealed the

February 2015 order, which this Court dismissed as moot given his May 2015 reappearance before the Board of Parole (Matter of Tafari v Stanford, 133 AD3d 1013 [2015], lv denied 26 NY3d 917 [2016]).

While his appeal of the February 2015 order was pending, petitioner made a pro se motion to amend the June 2014 order. Before this motion was decided, the May 2015 determination denying him parole release was administratively reversed and a de novo parole hearing was conducted in August 2015 resulting in another denial of parole release. Petitioner supplemented his pro se motion accordingly. Supreme Court ultimately denied petitioner's motion to amend and petitioner now appeals.

Based upon our review of the papers submitted by petitioner in connection with his pro se motion, it is evident that, although the motion is directed at the June 2014 order, petitioner is essentially seeking to challenge the September 2014 and August 2015 determinations denying him parole release. Petitioner was obliged to pursue such challenges through separate CPLR article 78 proceedings rather than through a motion to amend Supreme Court's June 2014 order (see Matter of Tafari v Stanford, 133 AD3d at 1013). Therefore, the motion was properly denied.

Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ., concur.

ORDERED that judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court